Filed 3/12/15  P. v. Sanchez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066685 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FVA1101252) |
| DOMINGO MURILLO SANCHEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Ingrid A. Uhler, Judge.  Affirmed in part, reversed in part and remanded.

Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

Domingo Murillo Sanchez appeals a judgment following his jury convictions on one count of continuous sexual abuse of a child under 14 years old (Pen. Code, § 288.5,

subd.(a))[1] (count 1), three counts of forcible lewd acts on a child under 14 years old (§ 288, subd. (b)(1)) (counts 2-4), one count of exhibiting lewd material to a minor (former § 288.2, subd. (b)) (count 5), and one count of making a criminal threat (§ 422) (count 6). On appeal, Sanchez contends: (1) he was improperly convicted both on count 1 and counts 2 through 4 because they included an overlapping time period in violation of section 288.5, subdivision (c); and (2) the trial court erred by imposing consecutive 10-year terms for counts 2 through 4 because those counts could have occurred prior to September 9, 2010, the effective date of the amendment to section 288, subdivision (b), that increased the punishment for those acts from eight years to 10 years, in violation of ex post facto principles.

FACTUAL AND PROCEDURAL BACKGROUND

Jane Doe was born in July 1998. At the time of trial, Jane lived with her mother, Judith, and four siblings, three of whom were younger than her. Sanchez was Judith's boyfriend and had lived with Jane and her family for three or four years. In 2008, when Jane was 10 years old and Judith was pregnant with Jane's brother Aaron, Sanchez began touching Jane's breasts and vagina. After Aaron was born, Sanchez continued to touch Jane around three times per week while Judith was away working at a night shift job.

Sanchez's molestations of Jane generally occurred in the same manner. He told Jane to take care of her baby brother in his bedroom. After she entered his bedroom, he locked the door. After the baby went to sleep, Sanchez would take off Jane's pajama

_____

[1]    All statutory references are to the Penal Code.

2

pants and underwear. Occasionally, he also took off her bra and lifted her shirt to expose or touch her breasts. Sanchez generally wore only his long pajama pants. He used one hand to rub her breasts and vagina. Sanchez used his other hand to hold her down on the bed. Jane always cried and told him she did not want to lie on the bed. He told her to be quiet.

On some occasions, Sanchez licked Jane's vagina. Jane told him many times to stop and often kicked and tried to push him away. Whenever Jane told him she would tell her mother about what he was doing to her, Sanchez would laugh and threaten to hurt her mother and siblings. He also threatened to leave her mother if she told. Jane believed his threats and was afraid of him. After Sanchez was done touching her, he would tell her to put her clothes back on and leave the bedroom. Afterward, Jane would cry and go to the hallway restroom to clean herself.

Occasionally during the molestations, Sanchez would play a movie on his television and tell Jane to watch it. The movie showed a naked man and naked woman having sexual intercourse.

While Judith was pregnant with another baby, Jane told her younger sister, Maria, about what Sanchez was doing to her. The last incident of molestation occurred a few days after Jane told Maria about Sanchez's molestations of her. Sanchez took off all of his clothes and placed his penis on her vagina. Maria saw Jane continuing to cry after leaving Sanchez's bedroom and then told Judith. Judith confronted Sanchez the same day as Maria told her about his molestations of Jane. Sanchez admitted to her that he had

3

touched Jane, but did not penetrate her. He got on his knees to beg for forgiveness and stated he would not touch Jane again. He blamed Judith for his molestations of Jane because Judith left him alone at night. Because of the shock of learning about the molestations, Judith went into early labor and gave birth on April 8, 2011.

Although Judith asked Sanchez to leave the apartment, he refused and continued to stay there, albeit infrequently, and slept in the living room. He threatened that if Judith told police, he would blame the molestations on her and claim she "put him up to it at night." About two months later, Sanchez permanently left the apartment and Judith reported his molestations of Jane to police.

On August 10, 2011, Sanchez was arrested. After waiving his *Miranda*[2] rights, Sanchez admitted to Fontana Police Corporal Daniel Delgado that he touched Jane at night while Judith was at work. Sanchez's story frequently changed. At various times, Sanchez claimed he molested Jane over a period of one, five, or six months and that he touched Jane three, five, eight, or 10 times. Sanchez blamed the molestations on Judith and Jane, claiming Jane intentionally touched him, sat on his lap, and rubbed his chest.

During the interview with Delgado, Sanchez gave details of three different instances during which he molested Jane. During the first incident, Jane entered his bedroom fully clothed, locked the door, and pulled her pants and underwear down to her knees while on the bed. Sanchez admitted he touched Jane's vagina with both hands and licked her vagina. During the eight to 10 minute incident, Jane never cried.

---

2      *Miranda v. Arizona* (1966) 384 U.S. 436.

4

During the second incident, Jane entered his bedroom, locked the door behind her, and reclined on the bed. He helped her undress from the waist down. Sanchez admitted he rubbed her vagina during the 10-minute incident.

During the third incident, Sanchez asked Jane to come into his bedroom. Jane entered his bedroom and locked the door behind her. Sanchez removed all of her clothing, including her shirt. He put her down on the bed, touched her, and licked her vagina during the 10-minute incident.

An information charged Sanchez with continuous sexual abuse of a child under 14 years old on or about August 1, 2010, through November 1, 2010 (§ 288.5, subd.(a)) (count 1), three counts of forcible lewd acts on a child under 14 years old on or about November 1, 2010, through April 1, 2011 (§ 288, subd. (b)(1)) (counts 2-4), one count of exhibiting lewd material to a minor (former § 288.2, subd. (b)) (count 5), and one count of making a criminal threat (§ 422) (count 6). At trial, the prosecution presented evidence substantially as described above. In his defense, Sanchez did not testify or present any witnesses. The jury found Sanchez guilty on all six counts. The trial court sentenced him to a total term of 46 years in prison, consisting of the upper base term of 16 years for count 1, plus three consecutive 10-year terms for counts 2 through 4. The court imposed, but stayed pursuant to section 654, two-year terms for each of counts 5 and 6. Sanchez timely filed a notice of appeal.

DISCUSSION

I

*Overlapping Time Periods for Count 1 and Counts 2 Through 4
in Violation of Section 288.5, Subdivision (c)*

Sanchez contends he was improperly convicted of both count 1 and counts 2 through 4 because they included an overlapping time period in violation of section 288.5, subdivision (c). He argues that because count 1 alleged section 288.5, subdivision (a), continuous sexual abuse that occurred during the period of August 1, 2010, through November 1, 2010, and counts 2 through 4 alleged specific incidents of section 288, subdivision (b), forcible lewd acts that occurred during the period of November 1, 2010, through April 1, 2011, there was an overlapping time period (i.e., Nov. 1, 2010) in violation of section 288.5, subdivision (c), which, according to *People v. Johnson* (2002) 28 Cal.4th 240 (*Johnson*), requires reversal of his conviction(s) on either count 1 or counts 2 through 4.

A

Section 288, subdivision (b), prohibits the commission of any lewd or lascivious act on a child under the age of 14 years old by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person. Section 288.5, subdivision (a), prohibits the commission of continuous sexual abuse of a child under the age of 14 years, stating: "Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in . . . three or more acts of lewd or lascivious

6

conduct, as defined in Section 288, with a child under the age of 14 years at the time of the commission of the offense is guilty of the offense of continuous sexual abuse . . . ." However, pursuant to section 288.5, subdivision (c), a defendant may be charged in the same proceeding with both lewd acts and continuous sexual abuse only if the lewd acts occurred outside the time period for the continuous sexual abuse or if the lewd acts are charged in the alternative to the continuous sexual abuse. Section 288.5, subdivision (c), provides in relevant part:

> "No other act of . . . lewd and lascivious acts, as defined in Section 288, involving the same victim may be charged in the same proceeding with a charge under this section [i.e., § 288.5, subd. (a)] unless the other charged offense occurred *outside the time period charged under this section* or the other offense is charged in the alternative. . . ." (Italics added.)

In *Johnson*, *supra*, 28 Cal.4th 240, the defendant was charged with section 288.5, subdivision (a), continuous sexual abuse of a child during the period of September 19, 1995, through February 28, 1998, together with four counts of forcible lewd acts and one count of sodomy, which allegedly occurred during time periods that overlapped in whole or in part with the time period for the continuous sexual abuse offense. (*Johnson*, at p. 243.) However, despite section 288.5, subdivision (c)'s requirement, the other offenses were not charged in the alternative to the section 288.5, subdivision (a), offense. (*Johnson*, at p. 243.) After the defendant was convicted on all counts, the trial court sentenced him to 16 years for the section 288.5, subdivision (a), offense and stayed, pursuant to section 654, sentences for the remaining offenses. (*Johnson*, at pp. 243-244.) On appeal, the Second District Court of Appeal, Division Seven, reversed the defendant's

7

convictions on the lewd act and sodomy counts, concluding the plain language of section 288.5, subdivision (c), precluded convictions on both the continuous sexual abuse charge and the individual sexual offenses. (*Johnson*, at p. 244.) The California Supreme Court granted review and, in effect, adopted the reasoning of the Court of Appeal, rejecting the contrary reasoning in *People v. Valdez* (1994) 23 Cal.App.4th 46, 49 that merely staying, pursuant to section 654, sentences for the specific sexual offense convictions would suffice. (*Johnson*, at pp. 244-246, 248, fn. 6.) *Johnson* described the reasoning of the Court of Appeal, stating:

> "The premise of the Court of Appeal's decision is that if a defendant may be *charged* with two different offenses only in the *alternative* [pursuant to section 288.5, subdivision (c)], then he or she may not properly be *convicted* of those offenses in the *conjunctive*. By the Court of Appeal's reasoning, if an accusatory pleading is improper (i.e., a count alleging violation of section 288.5 is joined, and *not*— as subdivision (c) requires—charged alternatively, with one or more counts alleging specific sexual offenses), then the multiple convictions predicated thereon cannot stand, and either the continuous abuse conviction or the convictions on the specific offenses must be vacated." (*Johnson*, at p. 245.)

*Johnson* rejected the People's argument that because section 954[3] allows prosecutors to charge multiple related offenses, a defendant may be convicted of both a section 288.5 offense and another felony sex offense within the same time period.

---

3    In relevant part, section 954 provides: "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts . . . . The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged, and each offense of which the defendant is convicted must be stated in the verdict or the finding of the court . . . ."

8

(*Johnson*, *supra*, 28 Cal.4th at p. 245.) *Johnson* stated: "In explicitly requiring that continuous sexual abuse and specific sexual offenses be charged in the alternative, section 288.5 essentially carves out an exception to section 954's general rule permitting joinder of related charges." (*Id*. at p. 246.) The court also rejected the People's argument that the legislative intent of and public policy underlying section 288.5, subdivision (c), supported convictions of both continuous sexual abuse and specific felony sexual offenses. (*Johnson,* at p. 247.) *Johnson* stated: "In our view, the Legislature apparently was not seeking to multiply potential convictions or punishments for such offenders, but rather to subject them to 'certain' punishment by lowering the unanimity hurdle against which many molestation prosecutions evidently had stumbled. Our reading of the statute is consistent with this aim." (*Ibid*.) Because *Johnson* found section 288.5, subdivision (c)'s language clear and unambiguous, the court declined to consider its legislative history in interpreting it. (*Johnson,* at p. 247.)

In conclusion, *Johnson* stated:

> "Prosecutors in sexual abuse cases possess a variety of means to seek convictions and severe punishments in cases involving sexual offenses against vulnerable young victims. They may, for example, plead and prove discrete sexual offenses and seek consecutive sentencing when permitted; they may bring a charge of continuous sexual abuse, with its relatively severe range of punishments (§ 288.5, subd. (a)); they may charge continuous sexual abuse and discrete sexual offenses outside the period of the alleged continuous abuse [citation]; in appropriate circumstances, they may plead and prove the allegations required by section 667.61, the 'One Strike' law; *or they may charge discrete sexual offenses and continuous sexual abuse in the alternative*. Because, however, section 288.5, subdivision (c) clearly mandates the charging of continuous sexual abuse and specific sexual offenses, pertaining to the same victim

9

over the same period of time, only in the alternative, *they may not obtain multiple convictions in the latter circumstance. The information in this case failed to comply with section 288.5, subdivision (c). The multiple convictions predicated on this pleading thus are inconsistent with the statute, and the Court of Appeal correctly reversed the convictions on counts 2 through 6*." (*Johnson*, *supra*, 28 Cal.4th at p. 248, italics added.)

The court affirmed the judgment of the Court of Appeal. (*Johnson*, at p. 248.)

In *People v. Torres* (2002) 102 Cal.App.4th 1053 (*Torres*), the defendant was convicted of a section 288.5 continuous sexual abuse offense and 10 other felony sexual offenses involving the same victim that occurred during the same time period as the continuous sexual abuse. (*Torres,* at p. 1056.) The accusatory pleading did not allege the continuous sexual abuse and other sexual offenses that occurred in the same time period in the alternative, as required by section 288.5, subdivision (c). (*Torres,* at p. 1057.) The trial court imposed consecutive sentences on four of the other sexual offenses, concurrent sentences on the other six remaining sexual offenses, and imposed, but stayed execution of, a six-year term for the section 288.5 offense. (*Torres,* at p. 1056.) On appeal, *Torres* applied the holding in *Johnson* to reverse the defendant's conviction of the section 288.5 continuous sexual abuse offense. (*Torres,* at pp. 1055-1056, 1061.) The court stated that *Johnson* "held that section 288.5, subdivision (c), precludes multiple *convictions* for the alternative offenses of continuous sexual abuse and specific felony sex offenses against the same victim, alleged to have occurred in the same time period." (*Torres,* at p. 1057.) Alternatively stated, *Torres* held "in accordance with [*Johnson*], that [the defendant] cannot stand convicted of both a violation of section 288.5, and of multiple counts of

10

other specific felony sex offenses committed against the same victim and in the same time period as the section 288.5 count."  (*Id*. at p. 1055.)

B

Sanchez asserts he was improperly convicted of both section 288.5 continuous sexual abuse (count 1) and the specific section 288 lewd acts (counts 2-4) because the information pleaded that those offenses occurred during an overlapping time period, but did not plead them in the alternative as required by section 288.5, subdivision (c).  He argues the time periods alleged in the information for count 1 and counts 2 through 4 included November 1, 2010, and therefore overlapped in violation of section 288.5, subdivision (c).

As discussed above, pursuant to section 288.5, subdivision (c), a defendant may be charged in the same proceeding with both lewd acts and continuous sexual abuse only if the lewd acts are alleged to have occurred outside the time period for the continuous sexual abuse *or* the lewd acts are charged in the alternative.  Therefore, because the information included an overlapping date (i.e., Nov. 1, 2010) for the section 288.5 offense and the lewd act offenses and the lewd act offenses were not charged in the alternative to the section 288.5 offense, section 288.5, subdivision (c)'s pleading requirements were violated.  Furthermore, the trial court's instructions included that overlapping date, stating in pertinent part: "It is alleged that the crime [sic] occurred on or about August 1st, 2010, [through] November 1st, 2010, and November 1st, 2010, [through] April 1st, 2011."  Both time periods included November 1, 2010, thereby

11

overlapping the two time periods for the alleged "crime" or crimes. The record did not include any evidence or argument of counsel showing November 1, 2010, could not have been the date of any of the offenses alleged in counts 1 through 4. Because the information and instructions improperly included overlapping time periods for the alleged section 288.5 offense and the section 288 lewd act offenses without alleging those other offenses in the alternative, we conclude section 288.5, subdivision (c), was violated.

Citing *Johnson* and *Torres*, Sanchez argues, and the People originally conceded in their respondent's brief, that the violation of section 288.5, subdivision (c), requires reversal of either his section 288.5 conviction (count 1) or his three lewd act convictions (counts 2-4). However, the People subsequently filed a supplemental respondent's brief, withdrawing their concession on this issue, citing a recently issued case, *People v. Goldman* (2014) 225 Cal.App.4th 950 (*Goldman*), which distinguished *Johnson* based on the defendant's forfeiture of the section 288.5, subdivision (c), issue because the defendant did not timely demur to the information on that ground.[4]

As discussed above, *Johnson* held that a defendant's multiple convictions of both continuous sexual abuse and other specific felony sexual offenses that allegedly occurred during overlapping time periods without those charges being alleged in the alternative are inconsistent with, and violate, section 288.5, subdivision (c), and require reversal of either the section 288.5 continuous sexual abuse conviction or the other specific sexual

---

4    We decline to find, as Sanchez asserts, that the People forfeited this argument by not raising it in their original respondent's brief.

12

offense convictions. (*Johnson*, *supra*, 28 Cal.4th at p. 248; *Torres*, *supra*, 102 Cal.App.4th at p. 1057.) *Torres* interpreted *Johnson* as holding a defendant "cannot stand convicted of both a violation of section 288.5, and of multiple counts of other specific felony sex offenses committed against the same victim and in the same time period as the section 288.5 count." (*Torres*, at p. 1055.)

However, as the People note, *Goldman*, *supra*, 225 Cal.App.4th 950 distinguished its circumstances from those in *Johnson* and concluded the defendant had forfeited the accusatory pleading's violation of section 288.5, subdivision (c), by not timely demurring to the pleading and therefore could not challenge on appeal his convictions of both a section 288.5 continuous sexual abuse offense and other specific felony sex offenses. (*Goldman,* at pp. 952, 954, 956-957.) Relying on general statutory provisions for demurrers to accusatory pleadings, *Goldman* concluded, in effect, that a section 288.5, subdivision (c), violation is merely a pleading violation subject to forfeiture and not, as *Johnson* and *Torres* concluded, a substantive statutory violation requiring reversal of the improperly pleaded multiple charges. (*Goldman,* at pp. 955-956.) *Goldman* cited section 1004, paragraph 5, which allows a defendant to demur to an accusatory pleading when it appears on the face of the pleading that " 'it contains matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution.' " (*Goldman,* at pp. 955-956.) The court then cited section 1012,[5] which

---

5    Section 1012 provides: "When any of the objections mentioned in Section 1004 appears on the face of the accusatory pleading, it can be taken only by demurer, and failure so to take it shall be deemed a waiver thereof, except that the objection to the

generally provides that a defendant can only object to a section 1004 facial defect by demurring to the accusatory pleading and the failure to so demur is deemed a waiver thereof. (*Goldman, supra,* 225 Cal.App.4th at p. 956.) *Goldman* noted the purposes of section 1012's waiver rule are to permit correction of the pleading defects prior to trial and prevent a defendant from speculating on the result of the trial and objecting only after an unfavorable verdict. (*Goldman,* at p. 956.) *Goldman* concluded the charging prohibition set forth in section 288.5, subdivision (c), is a " 'legal bar to the prosecution' " within the meaning of section 1004 and therefore "a defendant must demur to preserve for appeal an objection to the improper charging." (*Goldman,* at p. 956.)

*Goldman* acknowledged "*Johnson* held that, because of the charging prohibition in section 288.5, subdivision (c), a defendant could not be convicted of both continuous sexual abuse and a discrete sexual offense of the same victim for acts committed during the same time period." (*Goldman*, *supra*, 225 Cal.App.4th at p. 956.) However, *Goldman* declined to follow *Johnson*'s holding because the California Supreme Court in that case did not directly address, or "broach," the question of whether a defendant must demur to the accusatory pleading to preserve the issue for appeal. (*Goldman,* at p. 956.) *Goldman* reasoned that because a decision of a court, even of the California Supreme Court, does not stand for a proposition not considered by that court, it was not bound to follow the holding in *Johnson*. (*Goldman,* at p. 956.) *Goldman* concluded the defendant forfeited his section 288.5, subdivision (c), objection by not demurring to the information

jurisdiction of the court and the objection that the facts stated do not constitute a public offense may be taken by motion in arrest of judgment."

14

on that ground and affirmed the defendant's multiple convictions of section 288.5 continuous sexual abuse and the specific felony sexual offense that occurred during the same time period (i.e., a one-month overlap). (*Goldman,* at pp. 952, 954, 955, 957.) *Goldman* also rejected the defendant's ineffective assistance of counsel argument based on his counsel's failure to demur to the information on the section 288.5, subdivision (c), ground, concluding there was no reasonable probability the defendant would have obtained a more favorable result because, had his counsel demurred, the prosecution could have simply amended the information to avoid the overlapping time period. (*Goldman,* at pp. 957-958.)

Based on our consideration of *Johnson*, *Torres*, and *Goldman*, we conclude we are bound by precedent to follow the holding in *Johnson* and decline to distinguish that case as *Goldman* did. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) We do not believe *Johnson*'s holding regarding section 288.5, subdivision (c), should be so easily dismissed, or limited, as *Goldman* did based on a defendant's not demurring to the accusatory pleadings on section 288.5, subdivision (c), grounds. Although it is true *Johnson* did not state whether the defendant in that case demurred to the information on section 288.5, subdivision (c), grounds, and did not directly address sections 1004 and 1012 and the issue of waiver for failure to demur, we believe the California Supreme Court in *Johnson* intended to, and did, set forth a substantive, rather than a mere procedural, rule regarding section 288.5, subdivision (c), that cannot be waived by a defendant. Although section 288.5, subdivision (c), is written in terms of rules for

15

charging continuous sexual abuse and other specific felony sexual offenses in accusatory pleadings, *Johnson*, in effect, construed that statute as providing a *substantive prohibition* against multiple convictions of continuous sexual abuse and other specific felony sexual offenses that occurred during the same time periods unless they are alleged in the alternative. We agree with that interpretation of section 288.5, subdivision (c). We disagree with *Goldman*'s interpretation of section 288.5, subdivision (c), as setting forth merely a procedural pleading statute that can be waived by a defendant and that does not prohibit multiple convictions. We conclude Sanchez was improperly convicted on both count 1 and counts 2 through 4.

C

We now address the appropriate remedy for the violation of section 288.5, subdivision (c), in this case. Under *Johnson*, *either* the section 288.5 conviction (count 1) *or* the three specific lewd act convictions (counts 2 through 4) must be reversed for violation of section 288.5, subdivision (c). (*Johnson*, *supra*, 28 Cal.4th at p. 245; *Torres*, *supra*, 102 Cal.App.4th at p. 1057.) In *Torres*, the court noted that in enacting section 288.5 the Legislature intended to provide additional protection for children subjected to continuing sexual abuse. (*Torres*, at p. 1058.) It concluded the relevant comparison for section 288.5 purposes is between the penalty for a section 288.5 offense and the aggregate maximum penalty for the other specific felony sexual offenses. (*Torres,* at p. 1058.) *Torres* concluded: "It therefore is . . . appropriate, in deciding which convictions to vacate as the remedy for a violation of the proscription against multiple

16

convictions set forth in section 288.5, subdivision (c), that we leave appellant standing convicted of the alternative offenses that are most commensurate with his culpability." (*Id*. at p. 1059.) In *Torres*, the defendant was convicted not only of section 288.5 continuous sexual abuse, but also 10 other specific felony offenses against the same victim. (*Torres,* at pp. 1059-1060.) Because the defendant faced a greater maximum aggregate penalty for the specific offenses than he did for the continuous sexual abuse offense and the trial court imposed a greater aggregate sentence for those other offenses, *Torres* concluded the appropriate remedy in its circumstances was to reverse the section 288.5 conviction for the violation of section 288.5, subdivision (c). (*Torres,* at pp. 1060-1061.)

Based on *Torres*'s reasoning, we conclude the appropriate remedy for the violation of section 288.5, subdivision (c), in this case is to reverse Sanchez's conviction on count 1 for section 288.5 continuous sexual abuse. The maximum penalty for a section 288.5 conviction, which the trial court imposed, is 16 years in prison. (§ 288.5, subd. (a).) In comparison, the maximum penalty for a section 288, subdivision (b), forcible lewd act conviction is 10 years in prison. (§ 288, subd. (b)(1).) The trial court imposed the greater term of 10 years for each of Sanchez's three lewd act convictions, to be served consecutively, for a total of 30 years in prison for those three convictions. The greater aggregate penalty for Sanchez's offenses is the 30-year term for his lewd act convictions rather than the 16-year term for his continuous sexual abuse conviction. Therefore, we conclude Sanchez's section 288.5 conviction for continuous sexual abuse (count 1)

17

should be reversed for violation of section 288.5, subdivision (c), and his three section 288, subdivision (b), convictions (counts 2-4) should be affirmed. (*Torres*, *supra*, 102 Cal.App.4th at pp. 1060-1061; *Johnson*, *supra*, 28 Cal.4th at p. 245.) Because we reverse count 1, the base term selected by the trial court in sentencing Sanchez, we remand the matter for resentencing on counts 2 through 6.[6] (*People v. Hill* (1986) 185 Cal.App.3d 831, 834-835.)

## II

### *Ex Post Facto Clause Does Not Apply to Bar 10-Year Terms for Sanchez's Section 288, Subdivision (b), Convictions*

Sanchez contends the trial court erred by imposing consecutive 10-year terms for counts 2 through 4 because those counts could have occurred prior to September 9, 2010, the effective date of the amendment to section 288, subdivision (b), that increased the punishment for those forcible lewd acts from eight years to 10 years, in violation of the ex post facto clause.

### A

The federal and state Constitutions prohibit ex post facto laws. (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9; *Collins v. Youngblood* (1990) 497 U.S. 37, 41; *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 288; *People v. Delgado* (2006) 140 Cal.App.4th 1157, 1163.) An ex post facto law is a law that "increase[s] the punishment associated

---

[6] In so doing, we express no opinion regarding the People's assertion that the trial court on remand may impose and execute terms for counts 5 and 6, rather than staying execution of them pursuant to section 654 as it originally did.

18

with the crime after its commission." (*People v. Acosta* (2009) 176 Cal.App.4th 472, 475.) It is the prosecution's responsibility to prove to the jury that the charged offenses occurred on or after the effective date of a statute providing for defendant's punishment or increasing his or her punishment for those offenses. (*People v. Hiscox* (2006) 136 Cal.App.4th 253, 256; *People v. Riskin* (2006) 143 Cal.App.4th 234, 244.)

Former section 288, subdivision (b)(1), provided a punishment range for forcible lewd acts of three, six, or eight years. (Stats. 2004, ch. 823, § 7, eff. Jan. 1, 2005.) However, effective as of September 9, 2010, section 288, subdivision (b)(1), was amended to increase that punishment range to five, eight, or 10 years. (Stats. 2010, ch. 219, § 7, eff. Sept. 9, 2010.) Therefore, under the constitutional bar against ex post facto laws, for the amended version of section 288, subdivision (b)(1), to apply, the prosecution must show the conduct for the offenses occurred on or after the effective date of that amendment (i.e., Sept. 9, 2010). (*People v. Hiscox*, *supra*, 136 Cal.App.4th at p. 256.)

B

The information charged Sanchez with continuous sexual abuse of a child under 14 years old on or about August 1, 2010, through November 1, 2010 (§ 288.5, subd. (a)) (count 1) and three counts of forcible lewd acts on a child under 14 years old on or about November 1, 2010, through April 1, 2011 (§ 288, subd. (b)(1)) (counts 2-4). At trial, the prosecution presented evidence showing Sanchez committed both continuous sexual abuse of, and specific forcible lewd acts on, Jane. The trial court instructed the jury with

a modified version of CALCRIM No. 207 that stated in pertinent part: "It is alleged that the crime [sic] occurred on or about August 1st, 2010, [through] November 1st, 2010, and November 1st, 2010, [through] April 1st, 2011."

In closing argument, the prosecutor argued that the count 1 continuous sexual abuse charge "talks about three or more occurrences of the molest happening within [three] months, and you heard the Judge read to you the instruction that this charge is between August 1st of 2011 [sic] and November 1st of 2011 [sic], and I want to explain to you how the law works with regard[] to those dates. [¶] . . . I have to prove to you that there were at least three occurrences within [three] months starting August 1st, that [three]-month period starting August 1st, and ending in November." She further argued: "The law only allows one charge for those three months, and the other charges, which we'll get to in a few minutes, are charged for acts that occurred outside those three months." Regarding counts 2 through 4, the prosecutor argued: "Now, Counts 2, 3 and 4 are all the same charges, the lewd or lascivious act by force or fear on a child under 14. The [time frame], as you heard the Judge read for that -- for these counts, was . . . November 1st, 2010, up until April 1st, 2011. The reason for that is those acts have to be done separately and outside of that [three]-month period of Count 1." She continued: "I have to prove to you that it happened within that time frame of November 1st, 2010, to April 1st, 2011."

The verdict forms for counts 1 through 4 did not contain any time periods, but only generally described the alleged offenses (i.e., continuous sexual abuse and forcible lewd act). The jury found Sanchez guilty on all counts.

C

Contrary to Sanchez's assertion, we conclude the record shows the jury convicted him on counts 2 through 4 based on evidence showing he committed lewd acts against Jane during the period of November 1, 2010, through April 1, 2011, *after* the effective date of the amendment to section 288, subdivision (b) (i.e., Sept. 9, 2010). Although, as Sanchez asserts, the record does not show the jury was given or read the information[7] and the trial court's instructions were ambiguous regarding the time period alleged for counts 2 through 4, the prosecutor's closing argument both clarified that ambiguity and constituted an effective election regarding the time period for counts 2 through 4.

The trial court gave a modified version of CALCRIM No. 207, instructing the jury: "It is alleged that the crime [sic] occurred on or about August 1st, 2010, [through] November 1st, 2010, and November 1st, 2010, [through] April 1st, 2011." On its face, that instruction was ambiguous regarding which time period applied to which count(s). However, the prosecutor's closing arguments, as quoted above, had the effect of clarifying that ambiguity in the court's instructions. (*People v. Young* (2005) 34 Cal.4th 1149, 1202; *People v. Garceau* (1993) 6 Cal.4th 140, 189.) The prosecutor argued:

---

[7] On December 4, 2012, the parties waived a reading of the information to the jury at the beginning of the trial. The parties do not cite, and we are not aware of, any subsequent reading of the information to the jury.

"Counts 2, 3 and 4 are all the same charges, the lewd or lascivious act by force or fear on a child under 14. The [time frame], as you heard the Judge read for that -- for these counts, was . . . *November 1st, 2010, up until April 1st, 2011.* The reason for that is those acts have to be done separately and outside of that [three]-month period of Count 1." (Italics added.) Therefore, the jury could not have been confused regarding the applicable time period for counts 2 through 4.

Furthermore, the prosecutor made an effective election by arguing the time period for counts 2 through 4 was November 1, 2010, through April 1, 2011. Contrary to Sanchez's assertion, the prosecutor's election was clearly communicated to the jury "with as much clarity and directness as would a judge in giving instruction." (*People v. Melhado* (1998) 60 Cal.App.4th 1529, 1539; cf. *People v. Richardson* (2008) 43 Cal.4th 959, 1027.) Finally, we conclude there was substantial evidence to support the jury's finding that counts 2 through 4 occurred during the time period of November 1, 2010, through April 1, 2011. Although, as Sanchez asserts, there may have been sufficient evidence to support a finding that counts 2, 3, and/or 4 may have occurred before September 9, 2010, that assertion is irrelevant because the court's instructions, as clarified by the prosecutor, restricted the time period for counts 2 through 4 to November 1, 2010, through April 1, 2011, which time period is entirely after September 9, 2010.

Because the record shows Sanchez's convictions on counts 2 through 4 were for forcible lewd acts committed between November 1, 2010, and April 1, 2011, the amended version of section 288, subdivision (b), effective as of September 9, 2010,

22

applies to those convictions for purposes of sentencing him. The trial court properly imposed a 10-year term for each of his convictions on counts 2, 3, and 4 under section 288, subdivision (b).

## DISPOSITION

Sanchez's conviction on count 1 for continuous sexual abuse under section 288.5 is reversed. In all other respects, the judgment is affirmed and the matter is remanded for resentencing consistent with this opinion.

McDONALD, J.

WE CONCUR:

HALLER, Acting P. J.

McINTYRE, J.

23