Filed 4/24/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C069884 |
| Plaintiff and Respondent, | (Super. Ct. No. MF032652A) |
| v. | |
| MICHAEL GOLDMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Joaquin County, William D. Johnson, Judge. Affirmed as modified.

Robert Derham, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and R. Todd Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant molested his nieces over a period of several years. Convicted of discrete sexual offenses as well as one count of continuous sexual abuse (Pen. Code, § 288.5, subd. (a); unspecified code references later in the opinion are to the Penal Code)

1

and sentenced to both determinate and indeterminate terms for his crimes, defendant appeals. He contends that (1) he was illegally convicted of a discrete sexual offense against one of the victims which occurred during the same time period as was alleged for the continuous sexual abuse; (2) he was denied effective assistance of counsel on the overlapping time periods issue; (3) the trial court abused its discretion by admitting sexually explicit text messages and photographs that defendant sent to one of the victims; and (4) the court improperly calculated presentence custody and conduct credits.

We conclude that (1) because he failed to demur to the information, defendant forfeited the issue of whether he was illegally convicted of a discrete sexual offense which occurred during the same time period as was alleged for the continuous sexual abuse; (2) he was not denied effective assistance of counsel because it is not reasonably probable defendant would have obtained a better result if defense counsel had demurred to the information; (3) the trial court did not abuse its discretion by admitting the text messages and photographs; and (4) the record supports the trial court's award of presentence custody credits but the court erred by failing to award presentence conduct credits. We therefore modify the judgment to award presentence conduct credits and affirmed the judgment as modified.

FACTS

Because defendant does not challenge the sufficiency of evidence, only a brief summary of the facts is necessary.

Defendant molested his nieces, C. (born in 1989) and B. (born in 1988), when the victims made regular visits to their grandparents in Manteca.

In 2002, when C. was approximately 13 years old, defendant molested her in the car on the way to Manteca for one of these visits in 2002. He forced her to touch his penis with her hand, and he rubbed her vagina with his hand. That night, at defendant's house, C. felt defendant touching her vagina with his hand. He eventually got on top of her and put his penis in her vagina. In October 2009, defendant called C., who was living

2

in Alabama, and apologized for all the things he did. After they hung up, defendant sent C. sexually explicit text messages and photographs.

When B. was about 11 years old, defendant rubbed his hand up her leg and then under her underwear. After that incident, defendant touched her by rubbing her leg and then touching her vagina during many of her visits to her grandparents' or defendant's house until she was 17 or 18 years old. Once when B. was in high school, defendant rubbed B.'s vagina with his foot and massaged his penis against her bare feet while they were at his house. When B. was 18 or 19 years old (sometime between 2006 and 2008), defendant called and apologized for touching her and said that he did it because he found her attractive. He also asked her if she wanted to be in a pornographic video with him.

## PROCEDURE

Defendant was convicted by jury of the following crimes, with the associated sentence:

- Count 1: lewd conduct (§ 288, subd. (a)) on B. – a consecutive indeterminate term of 15 years to life.
- Count 2: continuous sexual abuse (§ 288.5, subd. (a)) on B. – a consecutive determinate upper term of 16 years.
- Count 3: no conviction.
- Count 4: lewd conduct (§ 288, subd. (a)) on C. – a consecutive indeterminate term of 15 years to life.
- Count 5: lewd conduct (§ 288, subd. (a)) on C. – a consecutive determinate term of two years (one-third of the middle term).
- Count 6: aggravated sexual assault on a child (§ 269) on C. – a base indeterminate term of 15 years to life.
- Count 7: lewd conduct (§ 288, subd. (a)) on C. – a consecutive determinate term of two years (one-third of the middle term).

3

The jury also found true multiple-victim allegations on counts 1, 4, 5, and 7. (§ 667.61, former subd. (e)(5).)

The aggregate sentence was a determinate term of 20 years, followed by three consecutive indeterminate terms of 15 years to life.

DISCUSSION

I

*Convictions on Counts 1 and 2*

Defendant contends that his conviction on count 1 (which was for a lewd act, a discrete sexual offense) must be vacated because the time period for which the information alleged, and the jury found, that defendant committed that crime overlapped with the period of time alleged in count 2 for the continuous sexual abuse of the same victim, B. The Attorney General responds that, even though the time periods for the two crimes overlapped, we need not reverse the conviction because defendant did not demur to the information. We conclude that defendant forfeited the issue because he did not demur.

A.      *Applicable Law*

Section 288.5, subdivision (a) proscribes continuous sexual abuse of a child. "Any person who either resides in the same home with the minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with a child under the age of 14 years at the time of the commission of the offense, as defined in subdivision (b) of Section 1203.066, or three or more acts of lewd or lascivious conduct, as defined in Section 288, with a child under the age of 14 years at the time of the commission of the offense is guilty of the offense of continuous sexual abuse of a child and shall be punished by imprisonment in the state prison for a term of 6, 12, or 16 years."

When a prosecutor charges a defendant with continuous sexual abuse under section 288.5, the prosecutor may not also charge discrete sexual offenses against the

4

same victim for the same time period unless the discrete sexual offenses are charged in the alternative. Subdivision (c) of section 288.5 states: "No other act of substantial sexual conduct, as defined in subdivision (b) of Section 1203.066, with a child under 14 years of age at the time of the commission of the offenses, or lewd and lascivious acts, as defined in Section 288, involving the same victim may be charged in the same proceeding with a charge under this section unless the other charged offense occurred outside the time period charged under this section or the other offense is charged in the alternative. A defendant may be charged with only one count under this section unless more than one victim is involved in which case a separate count may be charged for each victim."

In *People v. Johnson* (2002) 28 Cal.4th 240 (*Johnson*), our Supreme Court held that section 288.5 placed limits on the prosecution's power to charge both continuous sexual abuse and discrete sexual offenses in the same proceeding. " 'No other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section unless the other charged offense occurred outside the time period charged under this section or the other offense is charged in the alternative.' [Citation.]" (*Id*. at p. 243.)

B.    *Pleading*

The information alleged in count 1 that defendant committed a discrete sexual offense (a lewd act) on B. "[o]n or about JUNE 1999 THROUGH JUNE 2000." It alleged in count 2 that defendant committed continuous sexual abuse on B. "[o]n or about JUNE 2000 THROUGH JUNE 24, 2002." Therefore, the time periods for count 1 and count 2 overlapped by one month, June 2000.

C.    *Analysis*

The Attorney General faults defendant for not demurring to the information based on the overlapping time periods.

5

Section 1004, subparagraph 5 allows a defendant to demur to the information when "it contains matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution." Failure to demur is deemed a waiver of the grounds for demurrer. (§ 1012.) "When any of the objections mentioned in Section 1004 appears on the face of the accusatory pleading, it can be taken only by demurrer, and failure so to take it shall be deemed a waiver thereof, except that the objection to the jurisdiction of the court and the objection that the facts stated do not constitute a public offense may be taken by motion in arrest of judgment." (*Ibid*.)

"The purpose of the waiver rule is twofold. First, it permits correction of pleading defects prior to trial, thereby promoting efficiency and conserving judicial resources. Second, it prevents '[a] defendant from speculating on the result of the trial and raising the objection after an unfavorable verdict.' [Citation.] This rule is of long standing; . . . a criminal defendant 'cannot, under our system, lie by until he shall see the result of a trial of his case on the merits and then be permitted to take advantage of a mere uncertainty in the indictment by motion in arrest of judgment.' [Citation.]" (*People v. Jennings* (1991) 53 Cal.3d 334, 357 (*Jennings*).)

The charging prohibition found in section 288.5, subdivision (c) is, in the words of the demurrer statute, a "legal bar to the prosecution." (§ 1004, subparagraph 5.) As we explained above, when the information charges continuous sexual abuse under section 288.5, subdivision (a), the district attorney is barred from charging a discrete sexual offense committed against the same victim during the period alleged for the continuous sexual abuse unless it is charged in the alternative. (§ 288.5, subd. (c).) Because it is a legal bar to prosecution, a defendant must demur to preserve for appeal an objection to the improper charging. (*People v. Alvarez* (2002) 100 Cal.App.4th 1170, 1176-1177.)

Defendant attempts to skirt the failure to demur by arguing that the overlapping charges were a problem of proof, not pleading. For that proposition, he quotes *Johnson*, in which the Supreme Court stated that a defendant may not "validly be convicted of both

6

continuous sexual abuse and other sexual offenses involving the same victim occurring during the same period of time." (*Johnson, supra,* 28 Cal.4th at p. 246.) *Johnson* held that, because of the charging prohibition in section 288.5, subdivision (c), a defendant could not be convicted of both continuous sexual abuse and a discrete sexual offense of the same victim for acts committed during the same time period. (*Id.* at p. 248.) It did not, however, broach the question of whether a defendant must demur to preserve the issue for appeal. A decision, even a decision of a higher court, does not stand for a proposition not considered by that court. (*People v. Harris* (1989) 47 Cal.3d 1047, 1071.) Accordingly, attempting to characterize the issue as one of proof rather than one of pleading does not assist defendant.

Defendant did not demur and therefore forfeited the objection.

II

*Effective Assistance of Counsel*

Defendant contends he was denied effective assistance of counsel on the section 288.5, subdivision (c) problem. Specifically, he claims that his defense attorney violated his right to counsel by failing to object to sentencing on counts 1 (discrete sexual offense) and 2 (continuous sexual abuse). That specific claim dies aborning because section 288.5, subdivision (c) does not implicate sentencing; instead, it limits charging and prosecution. However, the same arguments apply to a claim that the defense attorney should have demurred to the information. We therefore consider defendant's contention of ineffective assistance of counsel in light of the failure to demur.

*Jennings* summarized the standard on appeal when a "defendant claims his trial counsel provided constitutionally ineffective assistance by failing to demur. (*People v. Ledesma* (1987) 43 Cal.3d 171, 215-218; *People v. Fosselman* (1983) 33 Cal.3d 572, 584; U.S. Const., Amend. VI; Cal. Const., art. I, § 15.) In order to demonstrate ineffective assistance of counsel, a defendant must first show counsel's performance was 'deficient' because his 'representation fell below an objective standard of reasonableness

7

. . . under prevailing professional norms.' (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688 [80 L.Ed.2d 674, 693-694]; *Ledesma, supra,* 43 Cal.3d at pp. 215-216.) Second, he must also show prejudice flowing from counsel's performance or lack thereof. (*Strickland, supra*, at pp. 691-692 [80 L.Ed.2d at pp. 695-696]; *Ledesma, supra,* at pp. 217-218.) Prejudice is shown when there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' (*In re Sixto* (1989) 48 Cal.3d 1247, 1257; *Strickland, supra,* at p. 694 [80 L.Ed.2d at pp. 697-698].)" (*Jennings, supra,* 53 Cal.3d at p. 357.)

It is not necessary for us to consider the performance prong of the test before considering whether the defendant suffered prejudice as a result of counsel's alleged deficiencies. (*Strickland v. Washington, supra,* 466 U.S. at p. 697.) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." (*Ibid.*) That is the course we follow here because there was no prejudice.

This case illustrates the wisdom of a demurrer requirement for defects appearing on the face of a charging document. If defendant had demurred, a slight amendment to the information would have corrected the section 288.5 problem by separating the two crimes using B.'s twelfth birthday, which was in June 2000. In fact, despite the overlapping periods in the pleading, the prosecutor argued to the jury that defendant committed the discrete sexual offense when B. was 11 years old and that he committed the continuous sexual abuse when she was 12 and 13 years old.

The evidence produced at trial supported such an amendment. B. testified that defendant first molested her when she was "about 11," and the jury concluded expressly that the discrete sexual offense occurred when B. was 11 years old. B. also testified that the molestations occurred frequently after that until she was 17 or 18 years old. At one point, she testified that it occurred every time she visited Manteca. So there was ample

8

evidence that, during the time B. was 12 and 13 years old, defendant molested her three or more times.  (§ 288.5, subd. (a).)

Since the jury credited B.'s testimony, it is not reasonably probable that defendant would have obtained a better result if his defense attorney had demurred to the complaint. And since it is not reasonably probable he would have obtained a better result, his ineffective assistance of counsel claim fails.

III

*Admission of Text Messages and Photographs*

Over defendant's objection, the trial court admitted several sexually explicit text messages and photographs that defendant sent to C. in Alabama when she was 20 years old.  On appeal, defendant contends that the trial court abused its discretion by admitting the text messages and photographs.  The contention is without merit.

A.  *Background*

The prosecution filed a motion before trial to admit sexually explicit text messages and photographs that defendant sent to C. in October 2009.  Defendant sent the texts one night over the course of several hours after he had called C. to apologize for what he had done.  Among other sexually explicit messages, he asked C. if she wanted to see his penis, and asked her to also send sexually explicit pictures of herself.  Defendant sent pictures of his erect penis, including one in which he was ejaculating.  Defendant offered cash for sex with C., and he suggested involving B. too.  He said that he had a dream that his mother caught him having relations with C. and B. on a camping trip and that she told him not to stop.  Defendant asked C. to "keep this between us."

Defense counsel argued that the text messages and photographs should be excluded under Evidence Code section 352 because they were irrelevant and prejudicial. The trial court reviewed the evidence and, after weighing the probative value and prejudicial effect, ruled that it could be admitted.

9

B.     *Applicable Law*

Under Evidence Code section 352, "[t]he court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

It is the exclusive province of the trial court to determine whether the probative value of evidence outweighs its possible prejudicial effect.  (*People v. Sassounian* (1986) 182 Cal.App.3d 361, 402.)  The trial court's exercise of discretion on this issue will not be disturbed on appeal absent a clear showing of abuse.  (*Ibid.*)  "When the question on appeal is whether the trial court has abused its discretion, the showing is insufficient if it presents facts which merely afford an opportunity for a difference of opinion.  An appellate tribunal is not authorized to substitute its judgment for that of the trial judge." (*People v. Stewart* (1985) 171 Cal.App.3d 59, 65.)  "[D]iscretion is abused only if the court exceeds the bounds of reason, all of the circumstances being considered."  (*Ibid.*)

" 'Prejudice' in [Evidence Code] section 352 does not refer simply to evidence that is damaging to the defendant.  Instead, ' "[t]he 'prejudice' referred to in Evidence Code section 352 applies to evidence which uniquely tends to evoke an emotional bias against the defendant as an individual and which has very little effect on the issues." ' [Citation.]" (*People v. Smith* (2005) 35 Cal.4th 334, 357, italics omitted.)

C.     *Analysis*

B. and C. accused defendant of committing substantial sexual offenses against them, which defendant denied.  Defendant's sending of sexually explicit text messages and photographs to his niece was relevant to whether defendant committed the crimes because it showed his prurient interest in his nieces.  The text messages and photographs helped to establish that defendant had sexual desires for C. and B. in 2009 and probably had the same desires when he molested them.  (See *People v. Ewoldt* (1994) 7 Cal.4th 380, 402.)  The fact that the text messages and photographs were sent when C. was older

10

went to the weight of the evidence, not its admissibility. The text messages and photographs also corroborated the victims' testimony that defendant acted in a sexual manner toward them.

The trial court did not abuse its discretion. As we explained, the evidence was probative. The prejudicial effect of the evidence was not so great as to substantially outweigh the probative value. In other words, it was not of a sort so egregious as to cause the jury to convict him of child molestation offenses out of an emotional response to the challenged evidence.

Defendant also asserts for the first time on appeal that the text messages and photographs were merely propensity evidence made inadmissible by Evidence Code section 1101. This assertion was forfeited by failure to raise it in the trial court. (*People v. Zapien* (1993) 4 Cal.4th 929, 987.) In any event, as we have explained, the evidence was not to show propensity but to establish intent, which is a proper use of such evidence. (*People v. Ewoldt, supra,* 7 Cal.4th at p. 402.)

The trial court did not abuse its discretion.

IV

*Presentence Credits*

Defendant contends that the trial court (1) awarded insufficient presentence custody credits and (2) failed to award presentence conduct credits. We conclude that (1) the record does not support defendant's claim of insufficient presentence custody credits and (2) he is entitled to presentence conduct credit.

A.    *Proceedings*

The probation report stated that defendant was arrested on January 12, 2010, and had 693 days in presentence custody. The report also stated that defendant had been "the subject of fourteen medical/clerical incident reports" and "fifteen institution rule violation incident reports."

11

At the sentencing hearing, the trial court noted that defendant was entitled to 693 days of presentence custody credit, but defendant, though not under oath, interjected that he had been arrested on December 23, 2009, which was earlier than noted in the probation report. After discussion on another topic, the court asked defendant when he was arrested. Defendant first said December 29, but then repeated December 23, 2009. The trial court awarded defendant 708 days of presentence custody credit, apparently choosing December 29, 2009, as the starting date. There was some discussion between the trial court and the prosecutor concerning whether defendant was entitled to any presentence conduct credits; however, in the end the trial court did not award presentence conduct credits. Defendant did not object.

B.    *Analysis*

1.    Presentence Custody Credits

Defendant contends that the trial court should have given him presentence custody credit beginning on December 23, 2009, the date he asserted he was arrested. The record does not support the contention because defendant's statements were ambiguous concerning when he was arrested and included an assertion that he was arrested on December 29, 2009. There is no other indication in the record of when he was arrested. Accordingly, the trial court's order is supported by sufficient evidence, and defendant's contention is without merit.

Defendant also asserted in his opening brief that he was entitled to presentence custody credits for postsentence custody between the time the trial court initially imposed sentence until it later modified the sentencing order (in a manner not relevant to this appeal). In his reply brief, defendant withdrew this assertion.

2.    Presentence Conduct Credits

On appeal, defendant contends that he was entitled to presentence conduct credit under section 2933.1, which limits presentence conduct credit for defendant's crimes to 15 percent of the actual time in custody. We agree and award the conduct credits.

12

The Attorney General responds that defendant forfeited this contention by failing to make it at the time of sentencing. To the contrary, only challenges to discretionary sentencing choices are forfeited by failure to object. (*People v. Aguirre* (1997) 56 Cal.App.4th 1135, 1139.) Awarding conduct credits under section 2933.1 is not a discretionary matter.

The Attorney General also argues that, if defendant had objected to the failure to award conduct credits, the prosecutor may have given notice and challenged the award based on defendant's misconduct while incarcerated. This argument rings hollow because the prosecutor made no effort to give the advance written notice required to deny defendant the conduct credits. (See *People v. Duesler* (1988) 203 Cal.App.3d 273, 277.)

Finally, the Attorney General concedes that, if the issue was not forfeited, defendant was entitled to 15-percent presentence conduct credits under section 2933.1. We agree. (See *People v. Brewer* (2011) 192 Cal.App.4th 457, 460-464.) Accordingly, because defendant served 708 days in presentence custody, he is entitled to 106 days of presentence conduct credit.

## DISPOSITION

The judgment is modified to award defendant 106 days of presentence conduct credit under section 2933.1. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and send a copy to the Department of Corrections and Rehabilitation.


                                                            NICHOLSON          , J.

We concur:


      RAYE              , P. J.


      HULL              , J.

13