Filed 6/23/15  P. v. Waters CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D065770 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS256678) |
| GREGORY L. WATERS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Edward P. Allard III, Judge.  Affirmed.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Julie L. Garland, Assistant Attorneys General, Barry Carlton, Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Gregory Waters of six counts of committing lewd acts on a child under age 14 (Pen. Code,[1] § 288, subd. (a); counts 2 through 7), as well as one count of continuous sexual abuse of a child (§ 288.5, subd. (a); count 9). Waters had earlier pleaded guilty to another count of committing a lewd act on the victim (count 8), admitting he had unlawful sexual intercourse with a child under the age of 14 causing the child to become pregnant. The jury found true as to counts 2 through 8 allegations that Waters had substantial sexual conduct with the victim (§ 1203.066, subd. (a)(8)).[2] At Waters's sentencing hearing, the trial court dismissed the count 9 conviction as well as other charges on which the jury did not reach a verdict. It sentenced Waters to a total determinate term of 20 years, consisting of an upper term of eight years on count 2 and consecutive two-year terms (one-third the midterm) on counts 3 through 8.

On appeal, Waters contends the trial court should have dismissed the individual lewd act convictions of counts 2 through 7 rather than dismiss the count 9 continuous sexual abuse conviction because under *People v. Johnson* (2002) 28 Cal.4th 240 (*Johnson*), he could not be legally charged and convicted of continuous sexual abuse and also convicted of committing specific sex acts on the victim during the same period of

---

[1] Statutory references are to the Penal Code unless otherwise specified.

[2] The jury also found true allegations that Waters had committed a specified offense against more than one victim (§ 667.61, subds. (b), (c), (e)), but the trial court later dismissed that allegation because the jury's guilty verdicts pertained to only one victim. The jury deadlocked on the remaining ten counts of the information, nine of which related to the victim's younger sister. The court declared a mistrial on those counts.

time. Waters maintains he did not waive that contention by failing to raise the issue by demurrer, but if he did, his counsel was prejudicially ineffective because Waters was deprived of the right to have the jury decide the charges in the alternative. Waters further contends the trial court prejudicially erred by failing to instruct the jury with a modified version of CALCRIM No. 3516 on the alternative nature of the section 288 and 288.5 charges, violating his rights to due process and a jury trial. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Because Waters does not challenge the sufficiency of the evidence supporting his convictions, we need not examine it in detail. (*Johnson*, *supra*, 28 Cal.4th at p. 243, fn. 2.) Waters sexually assaulted his girlfriend's daughter, Z.D., beginning in about 1993 when Z.D. was five years old until April 2012 when authorities removed then 13-year-old Z.D. from her mother's home. Waters at various times raped or sodomized Z.D., orally copulated her, and forced her to orally copulate him. Z.D. discovered she was pregnant in February 2012, and she gave birth to a son in November 2012. Waters continued to rape Z.D. after she was pregnant. Z.D. felt that in order to survive, she had to play a game and pretend she loved Waters and wanted to marry him, and she lied to detectives and social workers about the situation.

The district attorney filed a second amended information charging Waters with the individual lewd conduct counts as well as a single count of continuous sexual abuse of the victim, alleging that the acts involved in those counts occurred between November 25, 2009, and May 3, 2012. The individual charges were not alleged in the alternative to

3

the continuous sexual abuse charge, and Waters did not demur to the information or otherwise object before or during the trial. The jury returned its verdicts following trial, convicting Waters of the individual section 288 charges of counts 2 through 7 and the section 288.5 charge of count 9.

In their sentencing brief, the People, citing *People v. Torres* (2002) 102 Cal.App.4th 1053, asked the trial court to dismiss Waters's section 288.5 conviction and sentence him on the individual lewd conduct convictions, which would permit a greater aggregate sentence of 20 years in state prison. The trial court discussed the matter extensively with counsel at the sentencing hearing, and ultimately decided to dismiss the count 9 section 288.5 continuous sexual abuse offense. In part, it explained: "A person convicted of continuous sexual abuse of a child per . . . section 288, subdivision (a) cannot be convicted of individual acts of lewd conduct upon a child . . . if such acts within the present case were the same acts constituting the . . . section 288.5, subdivision (a) violation. . . . [¶] Because the defendant has been convicted of . . . seven separate counts of lewd act upon a child . . . he faces a greater maximum penalty with respect to these charges, which is 20 years than he does on the sole count of continuous sexual abuse of a child, which is . . . 16 years. Moreover, because of the number and severity of the specific [lewd conduct] offenses, as well as the greater maximum penalty with respect to these offenses, the court finds that leaving the defendant to stand convicted of and punished for said offenses, as opposed to the continuous sexual abuse on a child count is more commensurate with his culpability. Accordingly, the conviction as to count 9 is

vacated and dismissed and defendant will be sentenced on counts 2 though 8."

DISCUSSION

I. *Legal Principles*

"[S]ection 288.5 defines the crime of continuous sexual abuse of a child. Any person who either resides in the same home with a minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with the child or three or more acts of lewd or lascivious conduct, is guilty of the offense of continuous sexual abuse." (*Johnson*, *supra*, 28 Cal.4th at p. 242, citing in part § 288.5, subd. (a).) "In a prosecution under [section 288.5], the trier of fact need unanimously agree only that the requisite number of specified sexual acts occurred, not which acts constituted the requisite number." (*Johnson*, at p. 243.)

Section 288.5, subdivision (c) "imposes certain limits on the prosecution's power to charge both continuous sexual abuse and specific sexual offenses in the same proceeding." (*Johnson*, *supra*, 28 Cal.4th at p. 243.) Relevant here, " '[n]o other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section unless the other charged offense occurred outside the time period charged under this section or the other offense is charged in the alternative.' " (*Ibid*., quoting section 288.5, subd. (c).)

In *Johnson*, the court interpreted this limitation to ascertain the Legislature's intent where a defendant had been convicted of multiple individual sex offenses as well as a charge of continuous sexual abuse. (*Johnson*, *supra*, 28 Cal.4th at pp. 243-244.) The

5

trial court had sentenced the defendant on the section 288.5 count and stayed sentences on the remaining section 288 and 286 counts, but the appellate court reversed the convictions on the individual sexual offense charges, rejecting an earlier decision that had held section 288.5 precluded multiple punishment, not multiple convictions in this context. (*Johnson*, at pp. 243-244.) The *Johnson* court affirmed. It acknowledged prosecutors were allowed to charge multiple related offenses under section 954, but it held section 288.5 made an express exception to that general rule, differentiating it from other statutes: "In explicitly requiring that continuous sexual abuse and specific sexual offenses be charged in the alternative, section 288.5 essentially carves out an exception to section 954's general rule permitting joinder of related charges." (*Johnson*, at p. 246.) It applied the rule providing " ' " 'where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment.' " ' " (*Ibid.*)[3]

Johnson also rejected an argument that the legislative intent and public policy underlying section 288.5, subdivision (c), supported convictions of both continuous sexual abuse and specific felony sexual offenses. (*Johnson*, *supra*, 28 Cal.4th at p. 247.)

---

[3] At this point in its opinion, the *Johnson* court observed that its conclusion was not inconsistent with *People v. Hord* (1993) 15 Cal.App.4th 711, in which the Court of Appeal concluded that the Legislature's purpose in passing section 288.5 was not to enact a specific statute in order to preclude prosecution for other generally applicable sexual offenses. (*Johnson*, *supra*, 28 Cal.4th at p. 246, fn. 5.)

6

Pointing out the aim of the statute was to fortify molestation convictions against constitutional challenge when they were predicated on generic or unspecific testimony, the *Johnson* court stated: "In our view, the Legislature apparently was not seeking to multiply potential convictions or punishments for such offenders, but rather to subject them to 'certain' punishment by lowering the unanimity hurdle against which many molestation prosecutions evidently had stumbled. Our reading of the statute is consistent with this aim." (*Ibid.*) The court found section 288.5, subdivision (c)'s language clear and unambiguous, rendering analysis of legislative history unnecessary. (*Johnson*, 28 Cal.4th at p. 247.)

Under the facts presented there, the *Johnson* court did not reach the question of whether the trial court should have dismissed the section 288.5 conviction rather than the individual convictions. It merely pointed out that under the appellate court's reasoning, if the accusatory pleading improperly alleged nonalternative violations, "then the multiple convictions predicated thereon cannot stand, and either the continuous abuse conviction or the convictions on the specific offenses must be vacated." (*Johnson*, *supra*, 28 Cal.4th at p. 245; see also *People v. Bautista* (2005) 129 Cal.App.4th 1431, 1437.)

In *People v. Alvarez* (2002) 100 Cal.App.4th 1170, and *People v. Torres*, *supra*, 102 Cal.App.4th 1053, the Courts of Appeal acknowledged that *Johnson* did not address that particular question. (*Alvarez*, at p. 1176; *Torres*, at p. 1057.) In *Alvarez*, involving a court trial, the Court of Appeal held the trial court properly granted a posttrial motion to dismiss the continuous sexual abuse charge and convicted the defendant on individual

7

lewd conduct counts. (*Alvarez,* 100 Cal.App.4th at p. 1177.) It pointed out that by failing to demur to the information, which showed on its face the improperly pleaded counts, the defendant had waived any challenge to the prosecution proceeding on all the counts and then making an election before the trial court took that action. (*Id.* at pp. 1176-1177.) The court stated its conclusion was consistent with the statute's legislative purpose: "It would be anomalous if section 288.5, adopted to prevent child molesters from evading conviction, could be used by those molesters to circumvent multiple convictions with more severe penalties and prior-strike consequences than available for a conviction under section 288.5." (*Alvarez,* at pp. 1177-1178.) In *Torres,* the appellate court likewise considered the legislative intent behind section 288.5, pointing out that the statute "gives the prosecutor maximum flexibility to allege and prove *not only* a continuous sexual abuse count, but also specific felony offenses commensurate with the defendant's culpability, subject only to the limitation that the defendant may not be *convicted* of both continuous sexual abuse and specific felony sex offenses committed in the same period." (*Torres,* 102 Cal.App.4th at p. 1059.) In view of that purpose, it found it appropriate to leave the defendant "standing convicted of the alternative offenses that are most commensurate with his culpability." (*Ibid.*) Because the defendant faced a greater maximum aggregate penalty with his specific sex offenses than the section 288.5 offense, and the trial court imposed a greater aggregate sentence with regard to the specific offenses, the court concluded the appropriate remedy was to reverse the conviction for violating section 288.5. (*Id.* at p. 1060.)

II. *The Trial Court Did Not Err by Dismissing Waters's Section 288.5 Conviction Based*

*on its Assessment of the Greater Aggregate Penalty*

Waters contends that the trial court erred by failing to dismiss the counts 2 through 7 lewd conduct convictions, because under *Johnson*, *supra*, 28 Cal.4th 240, those convictions could not legally be imposed with the count 9 conviction for acts occurring during the same time frame. Though Waters acknowledges that the appellate court in *People v. Torres*, *supra*, 102 Cal.App.4th 1053 rejected the argument that *Johnson* mandated dismissal of the individual counts and found the controlling factor to be the need to ensure the penal consequences matches the defendant's culpability, he urges this court to decline to follow *Torres*. Waters further argues dismissal of the individual counts is independently compelled by the principle that a special statute should prevail over a general statute.

The People maintain Waters has waived these contentions by failing to demur to the information, which they acknowledge improperly failed to plead the counts in the alternative.[4] They rely on *People v. Alvarez*, *supra*, 100 Cal.App.4th 1170, and also *People v. Goldman* (2014) 225 Cal.App.4th 950, in which the Court of Appeal held the defendant forfeited a challenge to convictions for both lewd conduct and continuous sexual abuse by failing to demur to the information. (*Id*. at pp. 954, 956-957.) But as the

---

4    The more appropriate term is forfeiture, which is the failure to make the timely assertion of a right. (*Cowan v. Superior Court* (1996) 14 Cal.4th 367, 371.) Waiver is the intentional relinquishment or abandonment of a known right. (*Ibid*.)

People themselves acknowledge, the issues raised by Waters are pure questions of law; and the forfeiture rule is generally not applied when the alleged error involves a pure question of law that can be resolved on appeal without reference to a record developed below. (§ 1259;[5] *People v. Williams* (1999) 77 Cal.App.4th 436, 460, citing *People v. Welch* (1993) 5 Cal.4th 228, 235.) Furthermore, *Alvarez* is distinguishable because the appellant there was not impermissibly convicted of both individual and continuous sexual abuse charges as Waters was here; the appellate court held only that the defendant by failing to demur waived any claim of the propriety of the People's *proceeding to trial* on all of the offenses and later seeking an election. (*Alvarez*, at pp. 1176-1177.) As for *Goldman*, that court concluded the defendant had forfeited his claim that he was impermissibly convicted of both an individual sex offense and a continuous sexual abuse count involving overlapping time periods by failing to demur to the information because the face of the information contained matter that would constitute a "legal bar to the prosecution" of the alternate offenses. (*Goldman*, at pp. 954, 956 ["The charging prohibition found in section 288.5, subdivision (c) is, in the words of the demurrer statute, a 'legal bar to the prosecution' "], quoting section 1004, subparagraph (5)].) We have no quarrel with *Goldman* to the extent it holds a defendant will forfeit a charging error by failing to raise it by demurrer. But to the extent *Goldman* precludes a defendant

---

5    Section 1259 provides in part that an appellate court on appeal "may, without exception having been taken in the trial court, review any question of law involved in any ruling, order, [or] instruction . . . ."

from challenging multiple convictions that cannot legally stand under *Johnson*'s rationale (as well as the sentences imposed, which would be unauthorized), we disagree with that court's conclusion. In our view, *Johnson* articulates a substantive right—that a defendant may not be subject to impermissible multiple convictions—and thus a defendant may challenge those matters on appeal even when no objection has been made in the trial court. (Accord, *People v. Williams* (1999) 21 Cal.4th 335, 339-340, 341 [defendant can raise bar of statute of limitations at any time even without an objection to the charging document because statute confers a substantive right]; *In re Sheena K.* (2007) 40 Cal.4th 875, 881-882, fns. 2, 3.)

Turning to the merits of Waters's contentions, we reject them. His reading of *Johnson* is incorrect. As discussed in section I, *ante*, the court in that case did not mandate that the individual counts be vacated, but explained—agreeing with the decision of the Court of Appeal in that case—that either the section 288.5 or the individual counts must be vacated. (*Johnson*, *supra*, 28 Cal.4th at p. 245.) The *Johnson* court merely affirmed the appellate court's action in dismissing the individual counts without addressing the propriety of that remedy versus dismissal of the section 288.5 conviction. Nor is there any such mandate in the *Johnson* court's concluding paragraph, as Waters suggests. At the cited page, *Johnson* reiterated its holding that where a prosecutor alternatively pleads individual sex offenses and continuous sexual abuse, the prosecutor "may not obtain multiple convictions in the latter [alternative pleading] circumstance." (*Id.* at p. 248.)

11

Rather, we see no fault with the *Torres* court's conclusion and interpretation of the statute, and hold that the trial court, applying *Torres's* reasoning, exercised a proper remedy for Waters's multiple convictions by comparing the penalty for the section 288.5 offense (6, 12 or 16 years; § 288.5, subd. (a)) and the aggregate maximum penalty for the other specific felony sex offenses (eight years for each; § 288, subd. (a)), and leaving Waters "standing convicted of the alternative offenses that are most commensurate with his culpability." (*Torres*, *supra*, 102 Cal.App.4th at pp. 1058-1059.)

We reject Waters's contention that the principle concerning specific over general statutes compels dismissal of his individual lewd conduct charges. (See *People v. Coronado* (1995) 12 Cal.4th 145, 153-154 [the special over the general statute rule generally applies where two substantive offenses compete; the rule applies where " 'each element of the "general" statute corresponds to an element on the face of the "specific" . . . statute' or 'it appears from the entire context that a violation of the "special" statute will necessarily or commonly result in a violation of the "general" statute' "].) The *Torres* court rejected the same contention (*People v. Torres*, *supra*, 102 Cal.App.4th at p. 1058) based on *People v. Hord*, *supra*, 15 Cal.App.4th 711, and we agree. In *Hord*, the appellate court concluded sections 288.5 and 288 were not subject to the general versus specific rule: " 'The doctrine that a specific statute precludes any prosecution under a general statute is a rule designed to ascertain and carry out legislative intent.' [Citation.] The Legislature's intent in passing section 288.5 was not to enact a specific statute to apply in lieu of a general statute. The intent was to enact a statute for an area which the

12

Legislature believed was not covered by any other law." (*Hord*, at p. 720.)  As we have pointed out above (footnote 3, *ante*), *Johnson* emphasized that its conclusions were not inconsistent with *Hord*'s holding concerning the Legislature's intent not to enact a specific statute so as to preclude prosecution of other generally applicable sexual offenses.  (*Johnson*, *supra*, 28 Cal.4th at pp. 246-247, fn. 5; see also *Torres*, at p. 1058 [acknowledging *Johnson*'s discussion of *Hord*].)  We see the *Johnson* court's discussion as implicitly approving *Hord*, which in our view correctly describes the Legislature's intent.

### III.  *Claim of Instructional Error*

Waters contends the trial court prejudicially erred by failing to sua sponte instruct the jury on the alternative nature of the section 288 and section 288.5 charges with CALCRIM No. 3516, and thereby violated his rights to due process and a jury trial.  He maintains the error is reversible per se; that it resulted in a structural defect precluding harmless error analysis.  Because Waters's claim of instructional error involves a determination of applicable legal principles, we review it de novo.  (Accord, *People v. Guiuan* (1996) 18 Cal.4th 558, 569.)

As applicable here, CALCRIM No. 3516 provides:  "*<Give this paragraph when the law does not specify which crime must be sustained or dismissed if the defendant is found guilty of both.>*  [¶]  [The defendant is charged in Count \_\_\_\_ with _____ *<insert name of alleged offense>* and in Count \_\_\_\_ with _____ *<insert name of alleged offense>*.  These are alternative charges.  If you find the defendant guilty of one

13

of these charges, you must find (him/her) not guilty of the other.  You cannot find the defendant guilty of both.]"  (CALCRIM No. 3516 (2014 ed.).)  Because the information in this case did not plead the charges in the alternative, the instruction was not strictly applicable, and we cannot say under these circumstances the trial court erred by failing to give it.  (See Bench Note to CALCRIM No. 3516, *supra*, p. 1007 ["The court has a sua sponte duty to give this instruction *where the defendant is charged in the alternative with multiple counts for a single event*"], italics added.)

Waters relies on *Hicks v. Oklahoma* (1980) 447 U.S. 343, as the basis for his claim that the court violated his due process and jury trial rights by failing to instruct the jury on the alternate nature of the charges.  In *Hicks*, the trial court had instructed the jury it was required to impose a 40-year sentence, contrary to an Oklahoma statute that gave the defendant the right to have the jury fix his punishment.  (*Id.* at p. 345.)  The U.S. Supreme Court in *Hicks* held that absent a correct instruction to the jury, the court violated the defendant's due process right to have the jury fix the length of his sentence in the exercise of its statutory discretion.  (*Id.* at p. 346.)  We are not persuaded that *Hicks* is analogous.  Section 288.5 does not state whether the jury or trial court should determine on which of the charges a defendant should stand convicted.  And Waters cites no other authority for the proposition that he has a constitutionally protected liberty interest in having the jury, rather than the court, select which of his convictions should stand; *Johnson* and the other authorities discussed above demonstrate that the trial court has the

14

power to dismiss either the individual or continuous sexual abuse convictions in the event the prosecutor fails to charge in the alternative and a jury convicts a defendant of overlapping offenses. (*Johnson*, *supra*, 28 Cal.4th at p. 248.)

In any event, the trial court appropriately dismissed the section 288.5 conviction because it carried the lower sentence (*People v. Torres*, *supra*, 102 Cal.App.4th at pp. 1060-1061), and thus any error in failing to give CALCRIM No. 3516 cannot constitute prejudicial error. Our California Constitution specifies that no judgment may be set aside based on errors of misdirection of the jury unless the error results in a miscarriage of justice. (Cal. Const., art. VI, § 13; see *People v. Breverman* (1998) 19 Cal.4th 142, 177.) Applying the proper *People v. Watson* (1956) 46 Cal.2d 818 standard of prejudice (see *Breverman*, at p. 165) and having examined the entire record, it is not reasonably probable any such error affected the outcome of the trial. (*Ibid.*)[6] Our conclusion necessarily rejects Waters's contention that the evidence was significantly conflicting, that the jurors were confronted with "serious doubts" as to the number of times he may have molested Z.D., or that the jurors had "difficulty" reaching their verdicts. Z.D.'s

---

[6] In *Breverman*, the California Supreme Court made clear a harmless error analysis applies even where an instructional error may have affected the jury's role in determining every material issue presented by the evidence. (*Breverman*, *supra*, 19 Cal.4th at pp. 164-177 [failure to sua sponte instruct, or to instruct fully, on a lesser included offense is not a fundamental structural defect in the mechanism of the criminal proceeding, which cannot be or should not be evaluated for prejudice; a "different result cannot be reached by characterizing the error as the denial of the defendant's 'fundamental' right to a jury determination of all the material issues, then reasoning that an appellate court's determination of harmlessness on the evidence cannot cure the deprivation"].)

testimony was unequivocal and specific.  The jurors commenced their deliberations at 1:30 p.m. on a Monday, and reached verdicts as to the seven counts by 2:00 p.m. the next day, but stated they were deadlocked on the remaining counts.  The fact the jury could not reach verdicts on a charge of aggravated sexual assault against Z.D. or on charges related to another alleged victim does not discount the overwhelming evidence of Waters's acts against Z.D.

Additionally, the People point out that had the trial court instructed the jury with CALCRIM No. 3516, they would have advocated for conviction on the individual charges, or they would have dismissed the continuous sexual abuse charge and proceeded with the individual counts.  Thus, Waters has not shown that had the trial court instructed the jury as to the alternative charges, there is a reasonable probability he would have obtained a different outcome.

DISPOSITION

The judgment is affirmed.


                                                                    O'ROURKE, J.


WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.