Filed 7/9/15  P. v. Phillips CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076333 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F02536) |
| v. | |
| SIR-NIKKO DESHUN PHILLIPS, | |
| Defendant and Appellant. | |

Defendant Sir-Nikko Deshun Phillips contends the trial court erred by denying him presentence conduct credit without written notice and an opportunity to be heard. The People agree but add (without authority) that we should remand for a credit hearing rather than modifying the judgment ourselves.

1

We conclude the trial court erred in denying defendant credit and will modify the judgment to award defendant 51 days of presentence conduct credit pursuant to Penal Code section 2933.1.[1]

## DISCUSSION

We dispense with a detailed factual recitation as unnecessary to the resolution of this appeal. Suffice it to say that defendant was sentenced to 19 years in state prison pursuant to a plea agreement under which he pleaded no contest to assault with a semiautomatic firearm (§ 245, subd. (b)) and admitted personal use of the firearm in the commission of the assault (§ 12022.5) in exchange for a dismissal of other charges. The trial court awarded defendant 345 days of presentence custody credit for his time actually spent in custody (actual credit), but declined to award defendant any presentence *conduct* credit (conduct credit), finding defendant was not entitled to conduct credit under section 2933.1 because he "did not satisfactorily perform work as assigned by the sheriff and refused to satisfactorily comply with the reasonable rules of the sheriff, as evidenced by the numerous disciplinary reports documented in the probation report."

Pursuant to section 4019, a defendant is entitled to conduct credit unless the defendant fails to perform labor as directed by or to comply with the rules and regulations of the custodial facility. Section 2933.1, subdivision (c) limits the maximum conduct credit a person convicted of a violent felony, like defendant, may earn to 15 percent of the actual period of confinement. The award of conduct credit pursuant to these sections is not a discretionary matter. (*People v. Goldman* (2014) 225 Cal.App.4th 950, 961.) Thus, despite defendant's failure to object when the trial court declined to award any conduct credit pursuant to section 2933.1, his claim is not forfeited. (*Goldman,* at p. 961.)

_____

[1] Further undesignated statutory references are to the Penal Code in effect at the time defendant was charged.

2

Presentence conduct credit is awarded by the court "based on the sheriff's report of 'the number of days that [the] defendant has been in custody and for which he or she may be entitled to credit,' and only after hearing any challenges to the report." (*People v. Lara* (2012) 54 Cal.4th 896, 903.) "[B]efore a sentencing court may withhold conduct credits, the defendant is entitled to prior notice and an opportunity to (1) rebut the findings of his jail violations, and (2) present any mitigating factors." (*People v. Duesler* (1988) 203 Cal.App.3d 273, 277 (*Duesler*).)

A presentence probation report may be used to notify the defendant that his conduct credit is in jeopardy. (*Duesler*, *supra*, 203 Cal.App.3d at p. 277.) But where, as here, the defendant's behavioral problems in jail are documented without any recommendation that credit be withheld, the probation report is not sufficient to satisfy due process notice requirements. (*Ibid.*) Nor did defendant receive any other form of notice that his conduct credit was in jeopardy prior to the sentencing hearing. Therefore, the trial court erred in failing to award conduct credit.

The People bear the burden to show that a defendant is not entitled to conduct credit. (*Duesler*, *supra*, 203 Cal.App.3d at p. 276.) Here, neither the Sheriff nor the People made *any* effort to provide the requisite notice to defendant or to otherwise prove that defendant should be denied his earned conduct credit. Nor is there any dispute about the number of days of conduct credit to which defendant was entitled pursuant to section 2933.1, absent unnoticed deprivation. Accordingly, we decline to remand. We will modify the judgment to award defendant 51 days of conduct credit based on his 345 days of actual credit.

## DISPOSITION

The judgment is modified to award defendant 51 days of presentence conduct credit pursuant to section 2933.1.  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and to send a certified copy to the Department of Corrections and Rehabilitation.

      DUARTE      , J.

We concur:

      RAYE      , P. J.

      ROBIE      , J.