Filed 2/2/21  P. v. Vidana CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B302677 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA093228) |
| v. | |
| AUGUSTIN MAXIMILLIAN VIDANA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Walgren, Judge.  Affirmed.

Law Offices of Rauol J. Severo, Rauol J. Severo and Rhyzan Croomes for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Appellant Augustin Vidana pled no contest to one count of felony vandalism. He contends his trial counsel rendered ineffective assistance by failing to raise the issue of his mental health at sentencing and to request mental health diversion. He seeks remand for resentencing on that basis. We conclude that appellant has failed to establish that his counsel was ineffective and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The Los Angeles County District Attorney charged appellant by information on August 7, 2019, with felony vandalism (Pen. Code, § 594, subd. (a); count one),[1] misdemeanor possession of smoking device (Health & Saf. Code, § 11364; count two), and misdemeanor possession of tools to commit vandalism or graffiti (§ 594.2, subd. (a); count three). The information further alleged that appellant suffered a prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)), and served three prior prison terms (§ 667.5, subd. (b)).

On September 18, 2019, appellant entered a plea of no contest to count one and admitted the prior strike. Following appellant's advisement and waiver of rights, defense counsel informed the court that "just for the record, an [Evidence Code section] 730 [expert evaluation of appellant's mental health] was conducted. [Appellant] was found competent at this time, provided he is still on his medication." The trial court accepted appellant's plea and convicted him on count one. The remaining counts were dismissed. The court accepted the parties'

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

negotiated disposition and sentenced appellant to 32 months in state prison, comprising the low term of 16 months on count one, doubled due to the prior strike conviction. Appellant appealed.[2]

Appellant also filed a request for certificate of probable cause, stating that he had never been advised that he could qualify for a diversion program due to "severe mental health problems" as an alternative to his prison sentence. The court denied the request.

## DISCUSSION

Appellant contends his trial counsel was ineffective for failing to request mental health diversion based on appellant's mental health history. He further argues that he was prejudiced as a result, because it was reasonably probable that he could have met the criteria for diversion. We conclude that appellant has not met the heavy burden to establish ineffective assistance on direct appeal.

## A. Legal Framework

### 1. Ineffective assistance

To prevail on a claim of ineffective assistance of counsel, a defendant must establish both that counsel's performance was deficient and that he was prejudiced by the deficient performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*).) First, to establish deficient performance, a defendant must show that counsel's representation was objectively unreasonable "under prevailing professional norms."

---

[2]Appellant's notice of appeal was not timely filed and we issued an order to show cause why the appeal should not be dismissed. After appellant filed a request for relief from default, we ordered the appeal deemed timely filed.

3

(*Id*. at p. 688.) Second, unless a defendant can show prejudice where there is "a reasonable probability"—meaning "a probability sufficient to undermine confidence in the outcome"—"that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Id*. at p. 694; see also *People v. Goldman* (2014) 225 Cal.App.4th 950, 957.) Unless a defendant establishes otherwise, we presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." (*People v. Carter* (2003) 30 Cal.4th 1166, 1211.)

If the record "'sheds no light on why counsel acted or failed to act in the manner challenged,' an appellate claim of ineffective assistance of counsel must be rejected 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation.'" (*People v. Ledesma* (2006) 39 Cal.4th 641, 745-746.) "Otherwise, the claim is more appropriately raised in a petition for writ of habeas corpus." (*People v. Carter* (2003) 30 Cal.4th 1166, 1211.)

**2. Diversion under section 1001.36**

Section 1001.36 authorizes a pretrial diversion program for defendants with qualifying mental disorders. The statute defines "pretrial diversion" as "the postponement of prosecution, either temporarily or permanently, at any point in the judicial process from the point at which the accused is charged until adjudication, to allow the defendant to undergo mental health treatment." (§ 1001.36, subd. (c).)

A trial court may order pretrial diversion under the statute if it finds that the defendant meets all of the following criteria: (1) the defendant suffers from a recognized mental disorder; (2)

4

the defendant's mental disorder was a significant factor in the commission of the charged offense; (3) the defendant's symptoms would respond to mental health treatment; (4) the defendant consents to diversion; (5) the defendant agrees to comply with treatment; and (6) the defendant will not pose an unreasonable risk of danger to public safety if treated in the community. (§ 1001.36, subd. (b)(1).)

**B.    Analysis**

It is undisputed for the purposes of this appeal that appellant suffers from a mental disorder, and that he was previously evaluated and medicated as a result.  The probation department recommended incarceration for the current offense, given appellant's lengthy criminal history, including several violent offenses and offenses committed while on parole. Appellant notes that his trial counsel was aware of his mental health history, as she informed the court of appellant's competency status prior to sentencing.  Thus, appellant contends that his counsel's failure to request  mental health diversion under section 1001.36 could have no satisfactory explanation, and she therefore was ineffective.

We disagree.  Appellant has not shown that he met all of the criteria under section 1001.36 to qualify for diversion. Indeed, he mentions only the first two criteria in his appellate brief and merely argues that "it cannot be said that the Court was either satisfied or dissatisfied with Appellant's ability to meet the criteria."  Further, the record does not contain any information regarding why his counsel did not request that the court consider diversion.  We cannot assume from this record that there was no satisfactory explanation, as counsel could have concluded that appellant did not meet one or more of the criteria.

5

Nor can appellant establish prejudice, as he has not shown that if his counsel had requested diversion, there was a reasonable probability that the trial court would have granted it.

Appellant also argues that his counsel should have informed the court of his mental health condition so that it could be considered as a mitigating factor in sentencing. The record indicates that the court was aware of appellant's condition and mental health history from both the statement by defense counsel and information in the probation report. Moreover, the court sentenced appellant to the low term in accordance with the terms of the plea agreement. Thus, appellant cannot show that his counsel lacked a reasonable basis not to seek additional mitigation based on appellant's mental health, or that it was reasonably probable he would have obtained a more favorable sentence as a result. Under these circumstances, appellant has not satisfied his burden to show that his counsel was constitutionally ineffective.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

MANELLA, P. J.

WILLHITE, J.

6