Filed 4/16/21  P. v. Guzman CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C087841 |
| v. | (Super. Ct. No. 17CR002230) |
| SANTOS DEJESUS PORTILLO GUZMAN, | |
| Defendant and Appellant. | |

Defendant Santos DeJesus Portillo Guzman sexually preyed upon his daughters for a period of time.  A jury found him guilty of one count of continuous sexual abuse of a child as to each daughter (Pen. Code, § 288.5, subd. (a))[1] and at least one additional sex crime as to each daughter.  The trial court sentenced defendant to a determinate term of 10 years plus 130 years to life in prison.

In the first round of appellate briefing, defendant argued that under section 288.5, subdivision (c) (hereafter section 288.5(c)), he cannot be convicted of continuous sexual

---

[1] Undesignated statutory references are to the Penal Code.

1

abuse and also specific felony sex offenses against the same victim when the crimes are alleged to have occurred in the same time period. He argued a specified count must be reversed as to each victim because those counts charged the lesser offense in terms of penalty as to each daughter. The People agreed.

After the matter was fully briefed, we requested supplemental briefing from the parties, asking whether, in light of *People v. Goldman* (2014) 225 Cal.App.4th 950, review denied August 13, 2014 (*Goldman*), defendant's failure to demur in the trial court affects this appeal. Both defendant and the People agreed in supplemental briefing that defendant's claim is not forfeited. They also agreed that the circumstances in *Goldman* are distinguishable from this particular case because here there would have been no way to resolve the charging defect through demurrer and subsequent pleading amendment.

Because the parties are in agreement based on the circumstances of this particular case, it is not necessary for us to address broader questions of law. We will accept the People's concession, reverse the convictions on counts four and seven, vacate the sentence on all convictions, otherwise affirm the judgment, and remand the matter for resentencing.

BACKGROUND

Defendant had three children with his wife, including daughter D. born in January 2000, and daughter K. born in March of 2001. In January 2013, the wife and three children moved from Indiana to California to live with the wife's brother. Defendant joined his family in California some weeks later, resuming the sexual molestation of his daughters that began in Indiana. Defendant left his family on November 7, 2014.

On the first day he joined his family in California, defendant touched D.'s chest area under her clothing for about 10 minutes. About three times a week while the family lived with defendant's brother-in-law, defendant fondled D.'s breasts.

2

In April 2013, the defendant and his family moved out of defendant's brother-in-law's home and into their own apartment. After the move, defendant's sexual molestation resumed after a brief gap. D. recalled defendant recommencing his molestation of her when she was unpacking after the move.

Also in 2014, D. (now 14 years old) began attending high school, and defendant started digitally penetrating her vagina, telling her that he needed to check to see if boys were touching her there. Defendant did this more than five times.

Within three days of joining his family in California, defendant began molesting K. again, touching her breasts and buttocks a few times a week while the family stayed with defendant's brother-in-law. Defendant also digitally penetrated K.'s vagina more than once a month during that time.

Defendant's family moved to their own apartment when K. was 12 years old. Most days, after defendant brought K. home from school, the two were alone for about an hour because K.'s middle school ended earlier than her siblings' high school, and defendant's wife was working. More than once a week after school defendant dragged K. into his bedroom, removed her pants and underwear, and then had sexual intercourse with her, inserting his penis into her vagina. Defendant continued sexually assaulting K. until he left his family on November 7, 2014.

Among other things, an amended information charged defendant with two crimes against D. "on or about January 1, 2013 to January 10, 2014" when she was under 14: continuous sexual abuse (§ 288.5, subd. (a) - count 5), and a lewd act by force, violence or duress (§ 288, subd. (b)(1) - count 7). The amended information also alleged, among other things, that defendant committed the following four crimes against K. "on or about January 1, 2013 to November 6, 2014" when she was under 14: continuous sexual abuse (count 4) and three individual sexual offenses (rape, § 261, subd. (a) - count 1; sexual penetration, § 289, subd. (a) - count 3; and a lewd act by force, violence or duress, § 288, subd. (b)(1) - count 6).

The jury found defendant guilty on all those counts. It also found true multiple victim allegations on counts 4, 5, 6, and 7. (§ 667.61, subds. (b), (e).) The trial court sentenced defendant to a determinate term of 10 years on count 8, plus 130 years to life as follows: consecutive indeterminate terms of 25 years to life on counts 4 and 5 (the continuous sexual abuse counts) and counts 6 and 7 (the forcible lewd act counts), and consecutive indeterminate terms of 15 years to life on counts 1 and 3.

DISCUSSION

Section 288.5, subdivision (a) criminalizes the commission of "three or more acts" of substantial sexual conduct with a child under the age of 14 years, as defined in subdivision (b) of section 1203.066, or three or more acts of lewd or lascivious conduct, as defined in section 288, with a child under the age of 14 years, by a person "who either resides in the same home with the minor child or has recurring access to the child," "over a period of time, not less than three months in duration."

In addition, section 288.5(c) provides:

"No other act of substantial sexual conduct, as defined in subdivision (b) of Section 1203.066, with a child under 14 years of age at the time of the commission of the offenses, or lewd and lascivious acts, as defined in Section 288, involving the same victim may be charged in the same proceeding with a charge under this section unless the other charged offense occurred outside the time period charged under this section or the other offense is charged in the alternative. A defendant may be charged with only one count under this section unless more than one victim is involved in which case a separate count may be charged for each victim."

Here, the amended information alleged in count 5 that defendant committed continuous sexual abuse against D. from January 1, 2013, to January 10, 2014, and alleged in count 7 that defendant committed an individual sexual offense against her during the same time period. As to K., the amended information alleged in count 4 that defendant committed continuous sexual abuse against her from January 1, 2013, to

4

November 6, 2014, and alleged in counts 1, 3, and 6 that defendant committed discrete sexual offenses against her during the same time period. The continuous sexual abuse offenses and the individual sexual offenses were not charged in the alternative.

After discussing authorities in supplemental briefing such as *People v. Johnson* (2002) 28 Cal.4th 240 and *Goldman, supra*, 225 Cal.App.4th 950, among others, the parties agree that reversal is required based on the circumstances of this particular case. They agree that unlike in *Goldman*, the prosecution here could not have corrected the section 288.5 problem by amending the information. On this particular record, we accept the People's concession.

### DISPOSITION

The convictions on counts 4 and 7 are reversed, the sentence on all convictions is vacated, the judgment is otherwise affirmed, and the matter is remanded to the trial court for resentencing consistent with section 288.5(c). Following resentencing, the trial court shall amend the abstract of judgment and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


/S/
MAURO, J.


We concur:


/S/
ROBIE, Acting P. J.


/S/
DUARTE, J.

5